UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4931

RAMON DELGADO, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-96-254)

Submitted: June 12, 1997

Decided: June 24, 1997

Before WIDENER and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Allen B. Burnside, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant. Harold Watson Gowdy, III, OFFICE
OF THE UNITED STATES ATTORNEY, Greenville, South Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ramon Delgado, Jr., pled guilty pursuant to a written plea agreement to conspiring to possess with the intent to distribute and to distribute cocaine in violation of 21 U.S.C. § 846 (1994). Delgado was sentenced to seventy months imprisonment, five years of supervised release, and a $50 special assessment. Delgado noted a timely appeal. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging the Fed. R. Crim. P. 11 proceeding and the court's refusal to depart downward from Delgado's guideline range, but stating that in his view no nonfrivolous grounds for appeal exist. Delgado did not file a supplemental brief, although he was advised of his right to do so. Finding no error, we affirm.

In reviewing the adequacy of compliance with Rule 11, this court accords "deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Rule 11 violations should be evaluated under the harmless error standard. See id. at 117. This court may vacate a conviction resulting from a guilty plea only if the trial court's violations of Rule 11 affected the defendant's substantial rights. See id.

At the time the plea was entered, Delgado was thirty-three years old and had attended the tenth grade. He was not under the influence of drugs or alcohol, and he stated that he was satisfied with his counsel's representation. The district court determined that Delgado was competent to enter his plea.

The court then ascertained that Delgado understood what rights he was waiving by entering a guilty plea, and Delgado acknowledged that he was aware of his rights. The court read the indictment and explained that the Government would be required to prove two ele-

2

ments: that the conspiracy described in the indictment was wilfully formed and existed at or about the time alleged in the indictment, and that Delgado wilfully became a member of the conspiracy. Delgado acknowledged that he understood the elements of the offense. The court also insured that there was a factual basis for Delgado's plea.

The court carefully explained the applicable minimum and maximum penalties with regard to the different amounts of drugs that could be attributed to Delgado. The court discussed the application of the sentencing guidelines and explained that it had the authority to depart from the guidelines in certain circumstances. Further, the court informed Delgado that, if he was sentenced to a term of imprisonment, he would also be sentenced to a term of supervised release. Finally, the court discussed the plea agreement. Delgado said that he was in fact guilty of the crime charged and was not pleading guilty as a result of any force or threats. A review of the transcript reveals full compliance with Rule 11. Accordingly, this claim of error is without merit.

Delgado next claims that the court erred by not departing downward from his guideline range. Because the record is devoid of any indication that the sentencing judge misunderstood his authority to depart downward, this issue is not appealable. See United States v. Bayerle, 898 F.2d 28 (4th Cir. 1990).

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

AFFIRMED